**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000530**
**17-JUN-2026**
**08:39 AM**
**Dkt. 52 SO**

NO. CAAP-24-0000530

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


WELLS FARGO BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-3;
ASSET-BACKED CERTIFICATES, SERIES 2007-3, Plaintiff-Appellee,
v.
STUART KUNIO SAITO and RAYNETTE KUILANI SAITO,
Defendants-Appellants, and
ASSOCIATION OF APARTMENT OWNERS OF KEA‘AHALA VISTA,
Defendant-Appellee; and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001467)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendants-Appellants Stuart Kunio Saito and Raynette

Kuilani Saito (**Saitos**) appeal from the Circuit Court of the

First Circuit's July 3, 2024 "Findings of Fact, Conclusions of

Law and Order Granting [Plaintiff-Appellee Wells Fargo Bank,

National Association as Trustee for Option One Mortgage Loan

Trust 2007-3, Asset-Backed Certificates, Series 2007-3's (**Wells**

**Fargo**)] Motion for Default Judgment and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed October 28, 2020" (**Summary Judgment Order**) and July 3, 2024 Judgment.[1]

On appeal, the Saitos challenge the granting of summary judgment, contending (1) Wells Fargo did not establish that the documents submitted were trustworthy and the Note was validly indorsed; (2) Wells Fargo did not show the default notice was mailed to the Saitos; and (3) the circuit court erred by precluding the Saitos from raising objections to the indorsement of the Note because they failed to file an answer.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

On October 28, 2020, Wells Fargo filed the Complaint underlying this appeal against the Saitos, the Association of Apartment Owners of Keaʻahala Vista, and various doe defendants.[3] Wells Fargo alleged that the Saitos executed an adjustable-rate

---

[1] The Honorable James H. Ashford presided.

[2] The Saitos present four points of error (**POE**) on appeal. The first POE has four subpoints, the first and third of which are considered together in the first contention as construed above. The remaining POEs challenge findings and conclusions related to the subpoints in the first POE.

[3] Wells Fargo and the Saitos were involved in separate litigation involving the Property, but that litigation is not relevant to resolving this appeal. See CAAP-19-0000674.

note (**Note**), dated December 19, 2006, for the principal sum of $391,000.00 in favor of Mortgagepointer.com, Inc., which was secured by a mortgage (**Mortgage**) on their real property at 45-580C Keaʻahala Road, Kāneʻohe, Hawaiʻi (**Property**).

At the time the complaint was filed, Wells Fargo's counsel possessed the Note together with the three allonges attached to the Note. The third allonge was an undated special indorsement to Wells Fargo.

In February 2024, Wells Fargo moved for summary judgment. The circuit court issued a minute order granting the motion for summary judgment and subsequently entered the Summary Judgment Order and Judgment. The Saitos timely appealed.

We review the grant or denial of summary judgment de novo. Nationstar Mortg. LLC v. Kanahele, 144 Hawaiʻi 394, 401, 443 P.3d 86, 93 (2019).

A party seeking to foreclose under a note and mortgage must "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017). The foreclosing party must establish that it was entitled to enforce the note when its complaint was filed. Id. at 369, 390 P.3d at 1256.

3

**(1)** The Saitos contend that "Wells Fargo cannot show that the Note was validly endorsed" or that "the documents they sought to introduce into evidence were trustworthy."

Promissory notes are not hearsay, but copies of promissory notes submitted to support a motion for summary judgment are not self-authenticating and are only admissible if authenticated by extrinsic evidence. U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 325, 489 P.3d 419, 429 (2021).

The Note at issue in the underlying foreclosure proceeding was payable to Mortgagepointer.com, Inc., and Wells Fargo submitted copies of the Note with three allonges, specially indorsing the Note to Wells Fargo, to support its motion for summary judgment.

A declaration from attorney Steven T. **Iwamaura** of Clay Chapman Iwamura Pulice and Nervell, who filed the foreclosure complaint for Wells Fargo, established that his law firm received the original Note and allonges on July 5, 2017, from the Locke Lorde LLP law firm in California, which serves as Wells Fargo's managing counsel. Iwamura stated that he personally reviewed the original Note and original allonges to the Note on the day the complaint was filed. He was a competent witness to authenticate the Note and establish Wells Fargo's

standing to enforce it when the foreclosure complaint was filed. See Hawaiʻi Rules of Evidence (**HRE**) Rule 602.

**(2)** The Saitos next contend the circuit court erred by ruling that they "could not raise objections to the endorsement of the Note because no Answer was filed."

However, Hawaiʻi Rules of Civil Procedure Rule 8(d) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." And the Saitos do not dispute that they did not file an answer to the complaint, even after the entry of default against them was set aside.

**(3)** Finally, the Saitos contend that "Wells Fargo cannot show that the default letter was mailed to [them] as required by the Mortgage."

The record includes copies of an August 21, 2020 Notice of Default and PHH Mortgage Corporation (**PHH**)'s mailing record showing PHH mailed the Notice of Default to the Saitos at the Property. Claribel Lopez was competent to testify as to PHH's own records because she identified herself as a custodian of PHH's records. See HRE Rule 803(b)(6). Her declaration described circumstances indicating the trustworthiness of PHH's incorporated records:

> 2. <u>PHH's records include and incorporate records for the Loan obtained from Homeward Residential, Inc. and Ocwen Loan Servicing ("Prior servicers"), which are the prior loan servicers for this loan</u>. The records obtained by PHH from the Prior servicers are kept and maintained by PHH in the ordinary course of its business for the purpose of maintaining an accounting of payments received, expenses incurred, and amounts advanced with regard to the Loan, and such records are relied upon by PHH in the regular course of its business. The information regarding the Loan transferred to PHH from the Prior Servicers have been validated in many ways, including, but not limited to, going through a due diligence phase, <u>review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the Loan by Prior Servicers</u>. It is PHH's regular practice, after these phases are complete, to receive records from prior servicer and integrate these records into PHH's business records at the time of acquisition. Once integrated, PHH maintains and relies on these business records in the ordinary course of its mortgage loan servicing business.

(Emphasis added); <u>see</u> <u>Verhagen</u>, 149 Hawaiʻi at 325-26, 489 P.3d at 429-30.

Based on the foregoing, we affirm the circuit court's July 3, 2024 Summary Judgment Order and Judgment.

DATED:  Honolulu, Hawaiʻi, June 17, 2026.

| | |
|---|---|
| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
| Keith M. Kiuchi,<br>for Defendants-Appellants. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Zachary K. Kondo,<br>Mary Martin,<br>(Clay Iwamura Pulice &<br>Nervell),<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |